**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

**BRANDON W. SMITHSON,**
      **Plaintiff**

                                            **Case No. 3:15-cv-00897**
**v.**                                          **District Judge Trauger**
                                            **Magistrate Judge King**

**NANCY A. BERRYHILL, Commissioner of Social Security,**
      **Defendant**

**REPORT AND RECOMMENDATION**
**To The Honorable Aleta A. Trauger, District Judge**

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. Docket 1. The Commissioner filed an electronic copy of the administrative record. Docket 12. Plaintiff filed his Motion for Judgment on the Record, along with a supporting memorandum of law. Docket 51. The Commissioner responded in opposition. Docket 53. The matter is ripe for determination.

On September 5, 2017, the Court referred the matter to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 631 and 636 and Administrative Order No. 24. Section 631 authorizes designation of magistrate judges to serve in districts adjoining the district for which they were appointed. Administrative Order No. 24 was entered on June 12, 2017, and signed by the Chief Judges for the Middle District of Tennessee and the Western District of Kentucky. Section 636 authorizes magistrate judges to submit reports and recommendations to district judges on any case-dispositive matter.

Because the administrative law judge's (ALJ's) decision was supported by substantial evidence and was in accord with applicable legal standards, the RECOMMENDATION will be to DENY Plaintiff's Motion for Judgment on the Record (Docket 51); AFFIRM the Commissioner's final decision; and DISMISS Plaintiff's complaint.

**The ALJ's decision**

In August 2011, Plaintiff filed an application for Supplemental Security Income (SSI) benefits pursuant to Title XVI of the Social Security Act.

In February 2014, the ALJ issued the Commissioner's final decision denying Plaintiff's disability claim pursuant to the familiar five-step sequential evaluation process.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 2011. ALJ's decision, administrative record (AR), p. 49.

Second, the ALJ found that Plaintiff suffers from the following severe, or vocationally significant, impairments: Emphysema; carpal tunnel; cognitive disorder; posttraumatic stress disorder; depression; obstructive sleep apnea; degenerative disc disease of the cervical spine; tinnitus; obesity; neuropathy. AR, p. 49.

Third, the ALJ found that none of these impairments satisfies the medical criteria of any impairment listed in Appendix 1 of the regulations. AR, p. 49.

As required in all cases that advance beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), finding that his impairments limit him to light work with the following additional, non-exertional restrictions: "[C]laimant would need to avoid concentrated exposure to pulmonary irritants and moderate noise; claimant would be limited to detailed instructions; claimant could maintain concentration, persistence and pace for two hours at a time; can interact appropriately with others and can adapt to infrequent changes; can frequently lower and raise an object, twist, turn and perform frequent repetitive hand/finger action." AR, p. 51.

Fourth, the ALJ found that Plaintiff is not disabled in light of the vocational expert's (VE's) testimony that an individual of Plaintiff's age, education, prior work experience, and RFC would be able to perform Plaintiff's past relevant work as an automobile sales person and motor home sales person. Decision at AR, p. 54 referring to testimony at AR, pp. 36-40.

Because Plaintiff was found to be "not disabled" at Step 4, the ALJ did not advance the evaluation to the fifth and final step.

**Plaintiff's arguments**

The general Order in this case required that Plaintiff articulate his argument with specificity:

> Plaintiff shall have thirty (30) days from entry of this order to file a motion for judgment on the record and accompanying memorandum, which shall include the following:
> …
> (b) **Statement of Errors.** This statement should set forth, in separately numbered paragraphs, the specific errors allegedly committed at the administrative level which entitle the Plaintiff to relief. The court will consider only those errors specifically identified in the briefs. A general allegation that the ALJ's findings are unsupported by substantial evidence is insufficient. (Docket 18, p. 1).

The paragraphs in the "Statement of Errors" section of Plaintiff's memorandum (Docket 51-1, pp. 6-9) are unnumbered, and additional errors are alleged in the "Argument and Analysis" section (pp. 9-14).

Plaintiff argues that:

1. In finding that Plaintiff has an RFC for light work, the ALJ implicitly found that he can stand/walk 6 hours of an 8-hour workday. *See* Soc. Sec. Rul. 83-10, 1983 WL 31251, at *6 ("[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday [with sitting during the remaining time]"). Plaintiff argues that this implicit finding is not supported by substantial evidence in light of his diagnosed lower-extremity neuropathy. Docket 51-1, p. 6.

2. The ALJ erred in rejecting Dr. Anderson's opinion that his multiple physical and mental impairments render him unemployable. Docket 51-1, p. 7.

3. The ALJ erred in rejecting Dr. Bleibel's opinion that he can lift/carry only 10 pounds frequently. Docket 51-1, p. 7.

4. In light of his self-representation, the ALJ failed in her heightened duty to assist him in developing the evidence in support of his disability claim. Docket 51-1, p. 8.

5. The ALJ erred in denying Plaintiff's disability claim based on a narrow construction of the Social Security Act.  Docket 51-1, p. 12.

**1. Plaintiff failed to prove that his lower-extremity neuropathy precludes perform of light work.**

The ALJ acknowledged that Plaintiff's treating neurologist, James P. Anderson, conducted a nerve conduction study (NCS) and electromyogram (EMG) in July 2013, which resulted in the following "impressions" (on Dr. Anderson's part):

1. Bilateral saphenous neuropathy.

2. Bilateral superficial peroneal neuropathy.  There was no evidence of other focal compressive neuropathies or of a generalized peripheral neuropathy.

3. Needle EMG showed no evidence of an active lumbosacral radiculopathy on either side.

(Decision at AR, p. 52 referring to impressions at AR, p. 391).

Plaintiff argues that the ALJ erred in failing to consider whether these impairments render him unable to stand/walk for 6 hours per workday, as light work requires.

The argument is unpersuasive for two reasons.  First, "the mere diagnosis of an impairment says nothing about its severity." *Brown v. Comm'r*, No. 3:14-1451, 2015 WL 5098715, at *6 (M.D. Tn. Aug. 31, 2015) (citing *Higgs v. Sec'y of Health & Human Servs.*, 880 F.2d 860, 863 (6th Cir. 1988)).  It is not obvious to a lay, non-medical expert (such as the ALJ, Plaintiff, or this Court) that an individual having bilateral saphenous and superficial peroneal neuropathy (but no focal compressive or generalized peripheral neuropathy and no active lumbosacral radiculopathy) either would or would not likely be capable of standing/walking for 6 hours per 8-hour workday.  Second, Plaintiff failed to meet his burden of proving that his impairments result in a more limited RFC than the ALJ found.  *See* 20 C.F.R. §§ 416.912(a) ("In general, you have to prove to us that you are blind or disabled") and 416.945(a)(3) ("In general, you are responsible for providing the evidence we will use to make a finding about your [RFC]"); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997) (The ALJ determines RFC at Step 4 of the sequential

evaluation process, at which point claimant bears the burden of proof). Specifically, he failed to submit a medical opinion concerning his ability to stand/walk.

### 2. The ALJ properly rejected Dr. Anderson's opinion that Plaintiff is unemployable.

In October 2013, Plaintiff's treating neurologist, Dr. Anderson, wrote a letter to the Social Security Administration (on Plaintiff's behalf) opining that Plaintiff's multiple physical and mental impairments render him unemployable:

> I am writing this letter in response to the above-named patient's request for information concerning his medical condition. He continues to have multiple medical and psychological problems. He has been identified as having a traumatic brain injury, headaches, generalized peripheral neuropathy, low back pain, neck pain, extremity pain, obstructive sleep apnea disorder on CPAP [continuous positive airway pressure machine], paresthesias, encephalopathy, paranoia and memory loss. He also has panic-like episodes. We have been working to improve his condition using medications and support devices. He has made some progress, but remains significantly impaired. It is more likely than not that he will not return to a level of medical health that would permit him to be actively employed in any area.
>
> If further information is required, please contact me in that regard. (AR, p. 544).

The ALJ gave this opinion "little weight as it is not consistent with the medical record and with the claimant's own statements regarding his activities of daily living." Decision at AR, p. 53.

An ALJ may properly reject even a treating physician's opinion that a claimant is "disabled" or "unable to work" because such an opinion is not truly a medical opinion but rather a vocational-legal "conclusion of disability [that] is reserved to the [Commissioner]." *Bass v. Comm'r*, 499 F.3d 506, 511 (6th Cir. 2007) (citing 20 C.F.R. § 404.1527(e) and Soc. Sec. Rul. 96-5p, 61 Fed. Reg. 34471, 34474)). The ALJ need only "explain the consideration given to [such] treating source's opinion(s)." *Id.* The ALJ identified sufficient reasons for rejecting Dr. Anderson's opinion that Plaintiff is unemployable.

### 3. The ALJ did not err in rejecting Dr. Bleibel's opinion.

In October 2011, Plaintiff was examined at the request of the Commissioner by Hani Bleibel, M.D. The only vocationally-significant limitation opined by Dr. Bleibel was a 10-pound limitation on frequent lifting/carrying:

> [Plaintiff] is still able to carry and lift up to 10 lbs. frequently. He can do sitting, standing, and walking. He can do reaching, stooping, kneeling, and climbing stairs frequently. He is still able to drive and do his daily activities. His memory loss has mildly affected his abilities to perform his daily activities. He needs to be continued to be monitored periodically.        (AR, p. 259).

The ALJ declined to accept Dr. Bleibel's 10-pound frequent lifting limit, finding that is was "not supported by [Dr. Bleibel's] own physical examination which shows that the claimant's muscle strength was 5/5, no tenderness, redness or swelling, no spasms, or muscle wasting, normal grip strength, ability to grasp was normal and his gait and station were also normal."  Decision at AR, p. 53 referring to examination findings at AR, p. 259.

In weighing the opinion of a one-time examining source (as opposed to a treating source), an ALJ is not required to afford it any "special degree of deference" or to give particularly "good reasons." *Carney v. Comm'r*, No. 3:12-cv-00744, 2015 WL 5089783, at *8 (M.D. Tn. Aug. 17, 2015) (citing *Barker v. Sec'y*, 40 F.3d 789, 794 (6th Cir. 1994) and *Smith v. Comm'r*, 482 F.3d 873, 876 (6th Cir. 2007)).  Lack of supporting medical findings is a legitimate reason for discounting an examining source's opinion. *See* 20 C.F.R. § 416.927(c)(3) ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion").  The ALJ did not err in discounting Dr. Bleibel's 10-pound frequent lifting limit.

Even if the ALJ did err, the error was harmless because such a limit does not preclude light work. *See* Soc. Sec. Rul. 83-10, 1983 WL 31251, at *5 ("The regulations define light work as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds").

**4. The ALJ did not err in determining Plaintiff's disability claim based on the evidence before her.**

Plaintiff argues that, in light of his pro-se status at the administrative level, the ALJ should have done more to assist him in developing the evidence in support of his claim. Docket 51-1, p. 8. He wrote the ALJ multiple letters naming doctors and witnesses who would support his allegations of disabling physical and mental impairments and even offered to take a lie detector test. *Id.*

In all cases, an ALJ has a duty to develop the record. *Lashley v. Sec'y*, 708 F.2d 1048, 1051 (6th Cir. 1983). This duty is heightened when the claimant is: "(1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures." *Wilson v. Comm'r*, 280 F. App'x 456, 459 (6th Cir. 2008) (citing *Lashley* at 1051-52). "Absent such special circumstances [however] the claimant bears the ultimate burden of proving disability." *Id.* (citing *Trandafir v. Comm'r*, 58 F. App'x 113, 115 (6th Cir. 2003)).

As in *Wilson*, though Plaintiff chose to proceed without counsel, the hearing transcript reflects his grasp of the proceedings and the adequacy of his case presentation to the ALJ. *See* administrative hearing at AR, pp. 18-40. Additionally, the medical evidence before the ALJ was sufficient for her to determine Plaintiff's disability claim. *See Forrest v. Comm'r*, 591 F. App'x 359, 364 (6th Cir. 2014) (The ALJ was not required to obtain additional findings and opinions from Forrest's treating physician because the ALJ was able to "determine disability from previously-provided evidence"). Plaintiff has failed to identify a sufficient basis for judicial disturbance of the Commissioner's final decision in light of his pro-se status.

**5. The ALJ did not narrowly construe the Social Security Act.**

Plaintiff appends to his memorandum a copy of *Ferguson v. Comm'r*, 63 F.Supp.3d 207, 211 (D.R.I. 2014), which he quotes for the proposition that "[c]laimants are the beneficiaries of insured wage earners, not recipients of government gratuities, and are entitled to a broad construction of the [Social Security] Act." Copy at Docket 51-2, quotation at Docket 51-1, p. 12.

*Ferguson* is inapposite because neither this case nor *Ferguson* involved construction of the Social Security Act. *Ferguson* placed the above-quoted language in a boiler-plate "standard of review" section, indicating that it derives from *Cunningham v. Sec'y*, 658 F.2d 239, 243 (4th Cir. 1981). In *Cunningham*, the Fourth Circuit reversed the Secretary's decision that the Plaintiff, Mrs. Cunningham, was not entitled to widow's benefits because she and Mr. Cunningham were not "living in the same household" as defined by 42 U.S.C. § 416(h)(1)(B) when Mr. Cunningham died in 1959.

While issues of construction of the Social Security Act do arise from time to time in judicial reviews (for example, in *Cunningham*), they generally do not and did not in this case. The ALJ's denial of Plaintiff's disability claim was based on neither a broad nor a narrow construction of the Social Security Act but application of the sequential evaluation process embodied in the Act's supporting regulations.

## RECOMMENDATION

Because Plaintiff's arguments are unpersuasive and the ALJ's decision was supported by substantial evidence and was in accord with applicable legal standards, the Magistrate Judge RECOMMENDS that the Court DENY Plaintiff's Motion for Judgment on the Record (Docket 51); AFFIRM the Commissioner's final decision; and DISMISS Plaintiff's complaint.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).